# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.                      Criminal Action No. 2:14-cr-5-2

**BRANDON MICHAEL BEESON,**
    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Brandon Michael Beeson, in person and by counsel, Brian Kornbrath, appeared before me on July 2, 2014. The Government appeared by Assistant United States Attorney Stephen Warner. The Court determined that Defendant was prepared to enter a conditional plea of "Guilty" to Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as

summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, James Allen Ware, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment and the elements the Government would have to prove, charging him with aiding and abetting the possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2), and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Two of the Indictment, the

impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def. Yes, yes, Your Honor, we did.

Ct. Did you understand that you may also collaterally attack or challenge the sentence by filing what is commonly called a writ of habeas corpus motion under 28 U.S.C. § 2255?

Def. Yes, Your Honor, we spoke about it.

Ct. Did you understand that under paragraph 13 of your plea agreement, excluding your right to appeal the District Judge's decision not suppressing the evidence . . .

Def. Yea, I understand that, I was under the understanding that if my Guidelines were below 23 or lower, if I had hit that on the Guidelines table, at that time I would not be allowed to appeal or couldn't appeal it if it was lower than that.

Ct. So your actual sentence, as you understood it, if it's based on a total offense level of 23 or lower, then you give up your right to appeal that sentence and you give up your right to collaterally attack it by filing a writ of habeas corpus motion?

Def. Um, yes, I believe that.

Ct. That's your understanding of it?

Def. Yes, Your Honor.

Ct. And the only thing you've reserved whether it's 23 or lower that you can appeal, even if your sentence is 23 or lower, is that suppression motion. You understood you could always appeal that, couldn't you?

Def. Um, no, actually, I didn't understand that. I thought that if it was at 23 or lower I couldn't appeal that at all.

Ct. Well, actually, the way I read it and the way I understand it, you can appeal your suppression motion no matter what your sentence is. It's only on other grounds than the suppression motion that you cannot appeal if your actual sentence is the equivalent of a Guidelines sentence with a total offense level of 23 or lower. Is that now your understanding?

Def. Yes, Your Honor.

Ct. Do you need any time to talk that over with Mr. Kornbrath to get that clear in your head?

Def. Yes, just a moment.

Ct. Absolutely.

[Defendant talking with counsel]

Def.   I understand.

Ct.    I'm going to ask you again. Under your plea agreement, do you keep your right to appeal the judge's denial of the suppression motion no matter what your sentence is?

Def.   Yes, Your Honor, I do.

Ct.    Under your plea agreement, for any other ground other than appealing the suppression, do you give up those other grounds if your actual sentence is equal to or the same as a Guidelines sentence with a total offense level of 23 or lower?

Def.   Yes, I understand that now.

Ct.    You give up those other rights?

Def.   Yes, Your Honor.

Ct.    And you do that voluntarily and knowingly and intelligently, sir?

Def.   Yes, Your Honor, I do.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any

6

specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer to provide that independent basis in fact. The Government proffered that on March 11, 2013, deputies from the Randolph County Sheriff's Department conducted a traffic stop of a vehicle on Ward Road, in Randolph County, West Virginia, within the Northern District of West Virginia. Three individuals, including Defendant, were in the vehicle. After conducting a search of the vehicle, the deputies located the materials named in Count Two of the Indictment. Those materials are commonly used to manufacture methamphetamine. One co-defendant indicated that they had been headed to Rich Mountain to manufacture methamphetamine.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Thereupon, Defendant, Brandon Michael Beeson, with the consent of his counsel, Brian Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Two of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his

right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Two; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Two of the Indictment and recommends he be adjudged guilty on said charges as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the State of West Virginia pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order/Opinion to counsel of record.

DATED: July 2, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE